E-FILED
Friday, 14 May, 2010   01:41:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MAGDALENO GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  10-cv-1068 |
| ) | |
| KEVIN GILSON, *Warden, Illinois River* ) | |
| *Correctional Center,* ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion for Appointment of Counsel.  (Doc. 5).  On April 6, 2010, the Court denied Plaintiff's Motion for Leave to Proceed in forma pauperis, and ordered Respondent to file an answer or other response to Petitioner's § 2254 Petition.  (Doc. 3).

Civil litigants are not entitled to a court appointed attorney.  *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  However, the Court may request an attorney to represent an indigent litigant.[1]  28 U.S.C. §1915(e)(1).  Prior to such a request, the litigant must show that he has made a reasonable attempt to acquire counsel without Court intervention.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not,

---

[1]  Though the Court denied Plaintiff's Motion for Leave to Proceed in forma pauperis, as the filing fee for habeas cases is only $5, that ruling does not necessarily show that Petitioner is not indigent or financially eligible for purposes of appointing counsel.

whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660.  The form on which Petitioner made his Motion for Appointment of Counsel, however, did not ask, as such forms usually do, whether Petitioner had attempted to secure representation by an attorney prior to making his request for court-appointed counsel.  (Doc. 5).  There is no indication in the Motion of whether Petitioner has met this threshold requirement, so the Court cannot appoint counsel under § 1915 at this time.  In addition to appointment of counsel under 28 U.S.C. §1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set.  *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8.  Counsel may also be appointed if "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2); *see also* 28 U.S.C. § 2254(h) ("Appointment of counsel under this section shall be governed by section 3006A of title 18.").

In his Motion for Appointment of Counsel, Petitioner asserts that he needs the assistance of counsel because his knowledge of the English language is very limited.[2]  (Doc. 5).  However, it appears that Petitioner was able to successfully submit his Petition, which gives rise to the inference that Petitioner is able to utilize the English language.

In order for the Court to determine whether it is appropriate to appoint counsel for Petitioner, more information must be provided.  First, Petitioner must explain what efforts he has made to acquire counsel on his own.  In addition,

---

[2]   The fact that Petitioner is not educated in the law is not alone a basis for appointing counsel; most laypeople are not knowledgeable about the law, but yet in many cases are able to litigate their claims themselves.

Petitioner must explain his level of fluency with the English language. For instance, can he read and write the English language, and did he prepare his Petition and accompanying documents himself?

    IT IS THEREFORE ORDERED that Petitioner SHALL submit an Affidavit in support of his Motion for Appointment of Counsel explaining what efforts he has made to acquire counsel on his own and his ability to use the English language. Such Affidavit is DUE within 21 days of the date of this order.

Entered this 13th day of May, 2010.

                                            s/ Joe B. McDade
                                            JOE BILLY McDADE
                                  United States Senior District Judge