# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MAGDALENO GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   10-cv-1068 |
| | ) | |
| KEVIN GILSON, *Warden, Illinois River Correctional Center,* | ) ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion for Appointment of Counsel and Affidavit in support. (Docs. 5 & 7). On April 6, 2010, the Court denied Plaintiff's Motion for Leave to Proceed in forma pauperis, and ordered Respondent to file an answer or other response to Petitioner's § 2254 Petition. (Doc. 3). Petitioner filed a Motion for Appointment of Counsel on April 16, 2010, arguing that he needs the assistance of counsel because his knowledge of the English language is very limited (his § 2254 Petition was apparently prepared by a fellow inmate). (Doc. 5). On May 13, 2010, finding that Petitioner had not provided sufficient information to determine whether to appoint counsel for him, the Court ordered Petitioner to submit an Affidavit in support of his Motion explaining what efforts he has made to acquire counsel on his own and his ability to use the English language. (Doc. 6).

In his Motion for Appointment of Counsel and Affidavit, Petitioner asserts that he needs the assistance of counsel because his knowledge of the English

language is very limited; all of his filings have apparently been prepared by other inmates, and a fellow inmate acts as an interpreter when Petitioner meets with a law clerk to discuss his case. (Docs. 5 & 7). He also states that he has contacted the Uptown People's Law Center, as well as two attorneys, and that each of these has declined to represent him. In his Motion for Leave to Proceed in forma pauperis, Petitioner represented under penalty of perjury that his income was limited to $10 per month in prison pay, and that he has no property or other sources of income. (Doc. 2). His prison trust fund account statement reveals that he had only $82.50 in his account, and that he occasionally receives deposits of $50 - $70.

The Court finds that, in this situation, as Petitioner does not have the ability to communicate effectively in English, the interests of justice require that counsel be appointed, though the Court is uncertain that Petitioner's claims are meritorious.[1]  *See Sandoval v. Holinka*, 09-cv-033-bbc, 2009 WL 1773148, *4 (W.D. Wis. June 23, 2009) ("Given petitioner's alleged difficulties understanding English, the appointment of counsel is warranted."). The Court does not believe that it would be proper to allow Petitioner's initial chance at an unrestricted § 2254 Petition to be impaired by his inability to communicate effectively with the Court; if counsel finds that Petitioner does not presently have a viable § 2254 claim, the

---

[1] Though Petitioner makes a number of constitutional arguments whose merits appear to be debatable, the Petition facially presents a colorable claim: Petitioner was sentenced on March 7, 2006 to four years' imprisonment, and has no other sentences to serve. Some explanation is therefore needed as to why he is still imprisoned. This note is not intended to foreclose appointed counsel's presentation of other colorable constitutional issues that may be present in Petitioner's case.

Petition may be dismissed without prejudice in order to preserve his ability to bring a later § 2254 Petition.

In addition, it has come to the Court's attention that the Petition and Order to respond were not mailed to Respondent until June 8, 2010.  As this case will essentially begin anew with an amended petition from Petitioner's appointed counsel, Respondent will be ordered to respond to the amended petition only.

Therefore, Petitioner's Motion for Appointment of Counsel (Doc. 5) is GRANTED.  The Federal Public Defender is hereby APPOINTED to represent Petitioner pursuant to 18 U.S.C. § 3006A.  Counsel SHALL file an Amended Petition within 28 days of his or her appointment.  The previously-set deadline for Respondent's answer or other response is VACATED.  Respondent's answer or other response, addressing any facts that would establish whether Petitioner's claims are untimely or procedurally barred, as well as the merits of Petitioner's constitutional claims pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, is DUE 60 days after service of the Amended Petition.
IT IS SO ORDERED.


Entered this 9th day of June, 2010.


                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                 United States Senior District Judge